[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was returned to court on September 5, 1989. The complaint originally contained three counts: the first count charges the Meriden Community Action Agency, MCAA, acting on behalf of the City or Meriden, with a violation of Connecticut General Statutes 47a-42c. The third count (count two was withdrawn) charges the City of Meriden with the negligence of the agent/employee MCAA.
The City denied the essential elements of the plaintiff's complaint, disputed the value of the plaintiff's loss and pleaded governmental immunity. MCAA filed a similar answer and special defense.
The original complaint alleged that the plaintiff suffered the loss of her possessions, the reasonable value of which was 4,712.00 dollars. At the time of trial the plaintiff sought to amend her complaint to increase the value of her loss. The court deferred ruling on this requested amendment until such time as evidence was completed.
The court finds as follows:
The plaintiff proved by a fair preponderance of the evidence that she was a welfare recipient who was evicted from her apartment in Meriden, Connecticut, on or about March 2, 1988. On that date defendant MCAA acting on behalf of the City of Meriden removed her belongings to storage pursuant to C.G.S. Section CT Page 4199 47.42(c) and its agreement with the City (Exh. A). On or about April 6, 1988 the City auctioned off the plaintiff's property.
Pursuant to C.G.S. Section 42a-42(c) C.G.S. Section47-42(a) provides as follows:
 (c) Whenever the possessions and personal effects of a defendant are set out on the sidewalk, street or highway, and are not immediately removed by the defendant, the chief executive officer of the town shall remove and store the same. Such removal and storage shall be at the expense of the defendant. If such possessions and effects are not called for by the defendant and the expense of such removal and storage is not paid to the chief executive officer within fifteen days after such eviction, the chief executive officer shall sell the same at public auction, after using reasonable efforts to locate and notify the defendant of such sale and after posting notice of such sale for one week on the public signpost nearest to the place where the eviction was made, if any, or at some exterior place near the office of the town clerk. The chief executive officer shall deliver to the defendant the net proceeds of such sale, if any, after deducting a reasonable charge for removal and storage of such possessions and effects. If the defendant does not demand the net proceeds within thirty days after such sale, the chief executive officer shall turn over the net proceeds of the sale to the town treasury.
The City of Meriden Eviction Procedures (Exhibit F) acknowledged that state welfare (DIM) clients' belongings can be stored 90 days in effect granting them a waiver.
On or about February 25, 1988 the plaintiff advised an employee of MCAA, the City's agent (Exhibit A), that she was a welfare recipient and that her belongings should be stored for a ninety (90) day period at the state's expense. This employee negligently neglected to inform the City of the plaintiff's status as a state welfare (DIM) client. As a result of this negligence which the court finds imputable to both MCAA and the City, the CT Page 4200 City proceeded with its auction of the plaintiff's belongings violating its own procedure adopted for the protection of DIM recipients.
The duty which the employee of the MCAA negligently failed to perform required no discretion on her part and was ministerial in nature. C.G.S. Section 57-557n(a)(2)(b).
The court finds the issues for the plaintiff on the defendant's special defenses. The court grants the plaintiff's motion to amend her complaint to conform to the evidence submitted at trial. Giving consideration to all the evidence submitted the court finds the plaintiff suffered a loss of $8,000.00 as a result of and as a proximate consequence of defendant's negligence. judgment may enter for the plaintiff on both counts one and two in the amount of $8,000.00 together with interest as provided by C.G.S. Sec. 37-3b and costs.
Dorsey, J.